

Patrick G. Brady
t 973.639.8261
f 973.639.8556
pbrady@ebglaw.com

September 11, 2025

**Via ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Sister Karriemah H. Muqeet v. Home Depot U.S.A., Inc., *et al.*
            Civil Action No. 24-cv-00822 (DG)(LB)

Dear Magistrate Judge Merkl:

    On behalf of defendant Home Depot U.S.A., Inc. ("Home Depot"), we submit this letter seeking to adjourn the September 15, 2025 deadline for Home Depot to submit its request for a pre-motion conference in advance of its anticipated summary judgment motion.

    By Text Order dated July 2, 2025, Your Honor, among other things, ordered that the last date for Home Depot to submit its letter requesting a pre-motion conference relating to its dispositive motion would be September 15, 2025 "**in the absence of an expert discovery schedule being set**." A copy of Your Honor's July 2, 2025 Text Order is attached as Exhibit A (emphasis added). In plaintiff's counsel's August 29, 2025 status letter submitted to Your Honor (ECF No. 46, a copy of which is attached as Exhibit B), counsel indicated a need for an expert discovery schedule. Counsel advised that she is in the process of retaining an expert and that she "will supplement her disclosures accordingly." Counsel is also seeking an extension of time to complete depositions.

    For the foregoing reasons, Home Depot requests that the deadline for it to submit its request for a pre-motion conference in accordance with Judge Gujarati's individual rules be extended to a date 21 days after the Court's entry of an Order addressing plaintiff's discovery requests or, if plaintiff's application is granted, 21 days after the close of expert discovery.

    Your Honor's attention to this matter is appreciated. Please do not hesitate to contact us with any comments or questions.

                                    Very truly yours,

                                    */s/Patrick G. Brady*

                                  Patrick G. Brady

PGB:JMO
cc:    Nnenna Onua (By ECF and Email)

# Exhibit A

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.

***Additional Security Enhancements Coming Soon*** For information visit PACER website

https://pacer.uscourts.gov/announcements/2025/06/27/additional-security-enhancements-coming-soon

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

**Notice of Electronic Filing**

The following transaction was entered on 7/2/2025 at 5:55 PM EDT and filed on 7/2/2025

**Case Name:** Muqeet v. Home Depot U.S.A., Inc. et al
**Case Number:** 1:24-cv-00822-DG-TAM
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Minute Entry and Order: A telephonic Status Conference was held on 7/2/2025 before Magistrate Judge Taryn A. Merkl. Appearances by Nnenna Onua for Plaintiff and Patrick G. Brady and John M. O'Connor for Defendants. Discussion held regarding case status, discovery, Plaintiff's motion for an extension of time to complete discovery [40], and Defendants' response [41]. As discussed on the record, Plaintiff is directed to advise Defendant's counsel immediately as to the remaining seven witnesses that will be deposed. Plaintiff's motion [40] is reluctantly granted, in part. Fact discovery shall be completed on or before 8/15/2025. The parties are directed to file a joint status report certifying the close of fact discovery by 8/22/2025. In their joint status report certifying the close of fact discovery, the parties are directed to include an update as to whether they need an expert discovery schedule, and if so, to propose an agreed-upon expert discovery schedule. In the absence of an expert discovery schedule being set, the last date to take the first step in dispositive motion practice is 9/15/2025, and must be done in accordance with the Individual Rules of the assigned District Judge. Ordered by Magistrate Judge Taryn A. Merkl on 7/2/2025. (Cisco Log #11:20-11:51.) (ERT)

**1:24-cv-00822-DG-TAM Notice has been electronically mailed to:**

Patrick G. Brady    pbrady@ebglaw.com, nyma@ebglaw.com, patrick-brady-5513@ecf.pacerpro.com, phuseinovic@ebglaw.com

Nnenna Onua    nonua@mckinleyonua.com, calendar@mckinleyonua.com, njeanty@mckinleyonua.com, tward@mckinleyonua.com

John M. O'Connor    joconnor@ebglaw.com, alardieri@ebglaw.com, john-oconnor-6421@ecf.pacerpro.com

Preetpal Grewal    pgrewal@mckinleyonua.com

**1:24-cv-00822-DG-TAM Notice will not be electronically mailed to:**

# Exhibit B



**Attorneys at Law**

August 29, 2025

Magistrate Taryn A. Merkl
United States District Court for the New York Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:   Sister Karriemah Muqeet v. Home Depot**
      **Case No.: 24-cv-00822 (DG)(LB)**

Dear Magistrate Judge Merkl:

Plaintiff respectfully submits this status report pursuant to the Court's directives regarding outstanding discovery and scheduling:

**I. Document Production Status**

Plaintiff has compiled or located the following documents, as categorized below:

1. **Plaintiff's text communications with former ASM David Leslie** – *Produced*: Plaintiff has produced a text thread believed to be with David Leslie, but the recipient's name is not visible.
2. **Document referencing Deidre Maloyed (Assoc. Relations Mgr.)** – *Produced*
3. **Incident report regarding alleged surge protector incident with Anthony Gumbs** – *Unavailable*: Plaintiff previously testified to creating this report; however, despite best efforts, counsel does not currently possess a copy and believes it may have been physically handed over during earlier proceedings.
4. **2023 and 2024 Tax Returns** – *Produced*
5. **List of potential jobs from The Hartford Insurance** – *Not Yet Produced*.
6. **Job application documents via Goodwill Agency** – *Produced* (via Plaintiff email to counsel).
7. **Name of supervisor at Durham School Services (Mississippi)** – *Not Yet Produced*.
8. **Income records from Uber Eats driving (Mississippi)** – *Produced*.
9. **Documents identifying mental health workshops** – *Needs clarification*.
10. **2021–2024 Bank Statements showing disability deposits** – *Pending Request to Plaintiff*.
11. **Name/address of psychologist referenced to Dr. Liverpool (SUNY Downstate)** – *Produced* (via Plaintiff email to counsel).
12. **Documents re: campground/wellness center venture mentioned to Charles Edwards** – *Plaintiff disclaims knowledge or existence of such documents*.
13. **Materials from Good Temps including course/work return documentation** – *Produced* (via Plaintiff email to counsel).

14. **Employment documentation and return-to-work forms via Goodwill/GoodwillNY** – *Produced* (same materials as above).

## II. Depositions

- **Morgan Hudson**: Plaintiff's counsel was out of the country from August 4–22, 2025, and attempted to proceed with the deposition of Morgan Hudson remotely from Kenya during that time. However, due to connectivity issues, the deposition was ultimately canceled. Plaintiff would like the opportunity to depose Ms. Hudson, or a Rule 30(b)(6) witness responsible for Plaintiff's termination.
    - **Clarification on Morgan Hudson's Role**: All documentation appeared to indicate that Morgan Hudson was a relevant witness as she directed another individual (Morgan – the LOA Specialist) to send the termination notice to Plaintiff. However, in discussions with defense counsel, Defendant graciously advised that Morgan Hudson is not a decision-maker. Plaintiff therefore seeks to instead depose the individual responsible for the termination decision.
- **Service Issues**: Plaintiff attempted to serve David Leslie but later learned that the individual served was not the correct person. Plaintiff also attempted to locate the Detective DeBernardo referenced in discovery responses but learned that the individual recently retired and was unreachable during the discovery period. If given the opportunity, Plaintiff would like to depose Mr. Leslie and Detective DeBernardo

## III. Expert Witness

Plaintiff has not yet formally retained an expert but anticipates doing so shortly and will supplement disclosures accordingly.

## IV. Request for Extension

Plaintiff is mindful that the Court previously indicated that no further extensions would be granted. However, Plaintiff respectfully requests the Court's indulgence for a brief, final extension through mid-September 2025, solely for the purpose of completing the deposition of the appropriate termination decision-maker, producing a narrow category of documents that are either in the process of being retrieved, and finalizing expert disclosures.

This request is made in good faith and not for purposes of delay. Counsel's unavailability between August 4 and August 22, 2025, due to pre-scheduled international travel contributed to the timing issues with the Morgan Hudson deposition. Additionally, recent clarification from defense counsel regarding Morgan Hudson's limited role has materially changed Plaintiff's understanding of the proper witness to depose — a fact that could not have been known earlier.

Given these unique and unforeseen circumstances, Plaintiff respectfully submits that limited additional time until September 15, 2025 is both warranted and narrowly tailored to avoid prejudice and promote the just resolution of this matter on the merits.

.

Yours truly,

/s *Nnenna Onua*

Nnenna Onua