

Attorneys at Law
Patrick G. Brady
t 973.639.8261
f 973.639.8556
PBrady@ebglaw.com

January 26, 2026

**VIA ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>    Re:   **Sister Karriemah H. Muqeet v. Home Depot U.S.A., Inc.,** *et al*.
>          **Civil Action No. 24-cv-00822 (DG)(LB)**

Dear Magistrate Judge Merkl:

We represent defendant Home Depot U.S.A., Inc. ("Home Depot") in the above referenced matter. Despite our best efforts to obtain cooperation from counsel for plaintiff Karriemah Muqeet ("plaintiff") as set forth below, we submit this letter unilaterally on behalf of Home Depot as a follow-up to Your Honor's January 7, 2026 Text Order relating to expert discovery. We apologize in advance that we are not submitting this request in the form required by Your Honor's individual rules, but this case is tied up by counsel's failure to meet and confer.

**Home Depot's Position**

In our prior correspondence dated January 6, 2026 (ECF No. 51), we advised that we received no response from plaintiff to two written inquiries following plaintiff's failure to serve her expert report by the December 29, 2025 deadline set by Your Honor's September 29, 2025 Text Order. In response to our letter, Your Honor, by Order dated January 7, 2026, directed plaintiff's counsel to confer with Home Depot's counsel "FORTHWITH" concerning plaintiff's failure to timely serve her expert report.

When plaintiff's counsel failed to contact us in the days following the January 7, 2026 Order, we wrote to plaintiff's counsel on January 9, 2026, and again on January 13, 2026, advising that we were available to confer in accordance with Your Honor's Order. Receiving no response to either written inquiry, we called plaintiff's counsel towards the end of the business day on January 14, 2026, and left a message that we were following up on our prior requests to discuss expert discovery.

On January 15, 2026, Preetpal Grewal, one of plaintiff's attorneys, called my partner John O'Connor and requested two (2) days to speak with her partner, Nnenna Onua, about expert

discovery. Mr. O'Connor asked Ms. Grewal if plaintiff intended to serve an expert report prepared by Kenneth DiNella, M.D., the psychiatric expert plaintiff identified more than two-months ago on November 10, 2025, as required by Your Honor's September 29, 2025 Text Order. In response, Ms. Grewal advised Mr. O'Connor that she did not know and that she needed to "strategize" with Ms. Onua. Ms. Grewal assured Mr. O'Connor that she would contact him within two (2) days.

Plaintiff's counsel failed to call us back as promised within two-days, or thereafter. We waited six days and, at 11:30 a.m., on Wednesday, January 21, 2026, we sent plaintiff's counsel a version of this letter containing Home Depot's position as to the status of expert discovery. We asked plaintiff's counsel to insert into the letter plaintiff's input regarding expert discovery business and return it to us by close of business on Friday, January 23, 2026, so that we could submit the joint letter to Your Honor. A copy of the proposed joint letter we sent to plaintiff's counsel on January 21, 2026, is attached as Exhibit A. Plaintiff again failed to respond. As of the current time and date (close of business on Monday, January 26, 2026), plaintiff's counsel has neither returned the letter with plaintiff's input, nor otherwise responded to our request.

Plaintiff's expert report was due on December 29, 2025, nearly one month ago. Plaintiff has ignored not just our repeated efforts, but this Court's directive in the January 7, 2026 Order to "FORTHWITH" meet and confer regarding expert discovery. Concerned with the impact plaintiff's delay in producing an expert report has on Home Depot's ability to procure responsive expert reports within the deadline previously set by the Court, Home Depot reiterates its request for a scheduling conference with Your Honor. If plaintiff does not intend to request an extension of the expired deadline and/or proceed with expert discovery, Home Depot would like to set a schedule to initiate the dispositive motion practice in accordance with Judge Gujarati's Individual Rules.

Your Honor's continued attention to this matter is appreciated.

Respectfully submitted,

*s/Patrick G. Brady*

Patrick G. Brady

PGB/JMO
cc: Nnenna M. Onua, Esq. (via ECF)

# Exhibit A

**From:** John M. O'Connor
**Sent:** Wednesday, January 21, 2026 11:30 AM
**To:** Preetpal Grewal <pgrewal@mckinleyonua.com>; Nnenna Onua <nonua@mckinleyonua.com>
**Cc:** Patrick G. Brady <pbrady@ebglaw.com>
**Subject:** Muqeet

Preetpal and Nnenna,

Attached is a draft letter we intend to file with Magistrate Merkl by no later than close of business on Friday, January 23.  Please insert your input where noted and return it to us so that we can file it.

Thanks

John



Attorneys at Law
Patrick G. Brady
t 973.639.8261
f 973.639.8556
PBrady@ebglaw.com

January 23, 2026

**VIA ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   **Sister Karriemah H. Muqeet v. Home Depot U.S.A., Inc., *et al*.**
           **Civil Action No. 24-cv-00822 (DG)(LB)**

Dear Magistrate Judge Merkl:

    We represent defendant Home Depot U.S.A., Inc. ("Home Depot") in the above referenced matter. We submit this letter jointly with counsel for plaintiff Karriemah Muqeet ("plaintiff") as a follow-up to Your Honor's January 7, 2026 Text Order relating to expert discovery.

    **Home Depot's Position**

    In our prior correspondence dated January 6, 2026 (ECF No. 51), we advised that we received no response from plaintiff to two written inquiries following plaintiff's failure to serve her expert report by the December 29, 2025 deadline set by Your Honor's September 29, 2025 Text Order. In response to our letter, Your Honor, by Order dated January 7, 2026, directed plaintiff's counsel to confer with Home Depot's counsel "FORTHWITH" concerning plaintiff's failure to timely serve her expert report.

    When plaintiff's counsel failed to contact us in the days following the January 7, 2026 Order, we wrote to plaintiff's counsel on January 9, 2026, and again on January 13, 2026, advising that we were available to confer in accordance with Your Honor's Order. Receiving no response to either written inquiry, we called plaintiff's counsel towards the end of the business day on January 14, 2026, and left a message that we were following up on our prior requests to discuss expert discovery.

    On January 15, 2026, Preetpal Grewal, one of plaintiff's attorneys, called my partner John O'Connor and requested two (2) days to speak with her partner, Nnenna Onua, about expert discovery. Mr. O'Connor asked Ms. Grewal if plaintiff intended to serve an expert report prepared by Kenneth DiNella, M.D., the psychiatric expert plaintiff identified more than two-months ago on November 10, 2025, as required by Your Honor's September 29, 2025 Text Order. In response,

Ms. Grewal advised Mr. O'Connor that she did not know and that she needed to "strategize" with Ms. Onua. Ms. Grewal assured Mr. O'Connor that she would contact within two (2) days.

As of this date, six (6) days later, plaintiff's counsel has not contacted us. Accordingly, we prepared this joint submission and asked plaintiff's counsel to insert below plaintiff's position on expert discovery.

Plaintiff's expert report was due on December 29, 2025, nearly one month ago. Concerned with the impact plaintiff's delay in producing an expert report has on Home Depot's ability to procure responsive expert reports within the deadline previously set by the Court, Home Depot reiterates its request for a scheduling conference with Your Honor. If plaintiff does not intend to request an extension of the expired deadline and/or proceed with expert discovery, Home Depot would like to set a schedule to initiate the dispositive motion practice in accordance with Judge Gujarati's Individual Rules.

**Plaintiff's Position**

**Nnenna/Preetpal – Kindly insert your position and return to us before close of business today so that we can ECF the letter**

Your Honor's continued attention to this matter is appreciated.

Respectfully submitted,

*s/Patrick G. Brady*

Patrick G. Brady

PGB/JMO
cc:    Nnenna M. Onua, Esq. (via ECF)