

EPSTEIN
BECKER
GREEN

Attorneys at Law
Patrick G. Brady
t 973.639.8261
f 973.639.8556
PBrady@ebglaw.com

June 22, 2026

<u>VIA ECF</u>

Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Sister Karriemah H. Muqeet v. Home Depot U.S.A., Inc.,** *et al*.
**Civil Action No. 24-cv-00822 (DG)(LB)**

Dear Judge Gujarti:

Pursuant to Your Honor's Individual Practice Rule III(A), defendant Home Depot U.S.A., Inc. ("Home Depot") requests a pre-motion conference in anticipation of moving for summary judgment on the remaining claims asserted by plaintiff Karriemah Muqeet ("Plaintiff").[1] Home Depot will move for summary judgment to dismiss plaintiff's discriminatory/retaliatory discharge claims; plaintiff's disability discrimination/failure to accommodate/engage in the interactive process claims; plaintiff's sexual harassment/hostile work environment claims; and plaintiff's punitive damages claim.[2]

Plaintiff was employed at Home Depot's Store No. 6152 in Brooklyn, New York, as an overnight Freight Associate from April 1, 2019, until June 1, 2023. Although she remained employed by Home Depot until June 1, 2023, Plaintiff did not actively work during her last two years of employment (May 2021 to May 2023). Rather, during this time, Home Depot repeatedly extended Plaintiff's medical leave before ultimately terminating her employment after her

---

[1] By Order dated September 8, 2025 (ECF No. 48), the Court granted Home Depot's Rule 12(b)(6) motion and dismissed plaintiff's Title VII retaliatory discharge claim (Second Count); ADA disability discrimination/retaliation claim (Ninth Count); Title VII hostile work environment claim (First Count) limited to time-barred allegations relating to individual defendant Anthony Gumbs; common law sexual assault and battery claims (Seventh Count); and assault and battery in violation of the NYCHRL (Eight Count).

[2] Pursuant to Individual Practice Rule III(A), Home Depot also submits Rule 56.1 Statement of Facts ("SOF").

FIRM:70629790v1

CONFIDENTIAL

physician opined that Plaintiff remained unable to return work and requested another multi-month extension of her leave, through November 2023, with no prospect for recovery.

### A. Plaintiff's Disability Discriminatory/Retaliatory Termination And Failure To Accommodate Claims[3]

Where there is no indication of when an employee will return to work, an employer has no obligation to grant an employee "an indefinite leave of absence." *Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1, 9 (2d Cir.1999). *See also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 338 (2d Cir. 2000) ("The duty to make reasonable accommodations does not, of course, require an employer to hold an injured employee's position open indefinitely while the employee attempts to recover...."); *Vangas v. Montefiore Medical Center*, 823 F.3d 174, 181 (2d Cir. 2016) (holding that an indefinite leave is not a reasonable accommodation).

Between May 30, 2021, and June 1, 2023, Home Depot granted plaintiff's accommodation requests for leave. On May 2, 2023, when her doctor again advised that she would be unable to work for at least another six months through November 2023 (SOF at ¶¶170-191), Home Depot terminated Plaintiff's employment with an opportunity to reapply. Plaintiff's allegations of discriminatory/retaliatory termination and failure to engage in the interactive process and/or to accommodate claims fail. *See Booker v. Soho Studio Corp.*, 202 WL 363912 at *5 (E.D.N.Y. 2020) ("While temporary leave, for a specified period of time, with clear prospects for recovery, could be a reasonable accommodation,…an indefinite leave of absence is not"); *Hall v. Verizon New York, Inc.*, 2017 WL 3605503, at *6 (S.D.N.Y. July 26, 2017) (dismissing NYHRL and ADA disability discrimination claims finding that Verizon was "within its rights to decide that an additional leave of absence was an unreasonable accommodation, as it would have amounted to a request for 19 months of leave."); *Starr v. Time Warner, Inc.*, 2007 WL 4144627, at *4 (S.D.N.Y. Nov. 21, 2007) (19-month leave is unreasonable); *Powers v. Polygram Holding, Inc.*, 40 F. Supp. 2d 195, 201 (S.D.N.Y. 1999) ("[A] very long leave of absence, such as one year," is unreasonable).[4]

---

[3] These claims include: retaliation in violation of the NYCHRL (Fourth Count); retaliation in violation of the NYSHRL (Sixth Count); disability discrimination (unlawful termination) in violation of the NYSHRL; disability discrimination (failure to engage in the interactive process) in violation of the NYSHRL (Eleventh Count); disability discrimination (failure to engage in the interactive process) in violation of the NYCHRL; disability discrimination (failure to provide reasonable accommodation) in violation of the NYCHRL; and disability discrimination (unlawful termination) in violation of the NYCHRL (Fourteenth Count).

[4] Plaintiff's physician testified that, as of May 2023, she was completely disabled with no expectation that she would be able to return to work at Home Depot (SOF at ¶¶173-175). In January 2024, six (6) months after Plaintiff's June 1, 2023 termination, another of Plaintiff's physicians opined that she was capable of "sedentary activities only" that involved "no lifting, no pushing or pulling" and working four hours a day (SOF at ¶186). As late as March 2024, Plaintiff submitted to Home Depot a third physician certification that Plaintiff could only "perform simple tasks," and could not lift more than 5 pounds (SOF at ¶189).

**B.** **Plaintiff's Hostile Work Environment Claims Under Title VII (First Count), The NYCHRL (Third Count), And The NYSHRL (Fifth Count) Also Fail**

Plaintiff's Title VII hostile work environment claim is premised solely on co-workers playing sexually explicit music and falls far short of Title VII's severe or pervasive harassment standard to sustain a hostile work environment claim.[5] In late 2020, Home Depot barred overnight Freight Associates in the Starrett City store from listening to music through headphones while working (SOF at ¶129). In the months that followed, four of Plaintiff's coworkers began playing music containing sexually explicit lyrics on speakers while working (SOF at ¶130). Plaintiff admits that multiple managers to whom she complained took immediate action, instructing coworkers to stop playing the music (SOF at ¶¶131-133 and 138). In response to Plaintiff's concern, Home Depot undertook an investigation and implemented a policy change, stopping associates from playing music over speakers and requiring any music to be played through an earbud in one ear (SOF at ¶¶147-150).

Plaintiff's NYSHRL and NYCHRL claims fare no better. In addition to the above complaints about music, Plaintiff refers to a handful of unrelated allegations involving co-worker Anthony Gumbs. (SOF at ¶¶60-109). Two of the alleged incidents are so innocuous that Plaintiff admits she did not complain about them. *See* SOF at ¶¶61-63 (Mr. Gumbs allegedly winked at Plaintiff and raised his eyebrows once as he walked by her) and SOF at ¶¶64-66 (Mr. Gumbs allegedly blew a kiss at her as they walked by each other in the store). Two other alleged incidents are entirely devoid of sexual animus. *See* SOF at ¶¶88-96 (Plaintiff alleges that Mr. Gumbs threw a surge protector at her even though she did not see him throw it, it did not hit her but landed on a pallet on the floor (while Plaintiff was six feet up a ladder stocking merchandise), the pallet contained electrical department merchandise that Plaintiff was responsible for restocking, and surge protectors are housed in the Electrical Department); and SOF at ¶¶97-109 (Plaintiff and Mr. Gumbs had an altercation after Mr. Gumbs attempted to move the lid to the recyclable can from the top of the garbage can where Plaintiff put it so he could throw out his trash). Plaintiff's allegations that Mr. Gumbs once showed her a video on his cell phone of a couple of having sex (SOF at ¶¶67-73) and, several months later, a photo he took of her while she was sleeping on a chair in the breakroom (SOF at ¶¶64-66) were investigated and could not be substantiated because, as Plaintiff concedes, there were no witnesses. Plaintiff's sole remaining claim is that during an April 24, 2020 conversation with Mr. Gumbs in the breakroom, Mr. Gumbs allegedly made a masturbatory hand gesture when she asked him a question about his eyesight (SOF at ¶¶77-87). This incident also could not be substantiated because Mr. Gumbs denied making the alleged hand gesture; rather, explaining that he simulated reeling in a kite when he responded to Plaintiff's

---

[5] Concluding that plaintiff's allegations relating to Mr. Gumbs were time-barred for purposes of Title VII and could not be resuscitated under a continuing violation theory because they are unrelated to Plaintiff's subsequent complaints about music, the Court dismissed Plaintiff's Title VII hostile work environment claim premised on her allegations about Mr. Gumbs in response to Home Depot's Rule 12(b)(6) motion. *See* September 8, 2025 Order, ECF No. 48, at pp. 15-20.

inquiry about his poor eyesight by attempting to communicate that he damaged his eyes by looking into the sun as a child flying kites in Trinidad (SOF at ¶¶83-84).

To sustain a hostile work environment claim under both the NYSHRL and the NYCHRL, a plaintiff must show that the conduct of which she complains occurred "because of her protected status." *Chin v New York City Hous. Auth., 106 A.D.3d 443, 445 (1st Dep't 2013).* Even under the NYCHRL standard, Plaintiff cannot show that she "she has been treated less well than other employees because of her gender." *See Suri v Grey Global Grp., Inc.*, 164 A.D.3d 108, 114 (1st Dep't 2018). The NYCHRL is not a "general civility code," such that an employer can be held liable for "petty slights and trivial inconveniences." *Hernandez v. Kaisman*, 103 A.D.3d 106, 113-14 (1st Dep't 2012). Summary judgment is warranted because several interactions about which she complains were trivial and others lacked any sexual animus. The remaining alleged conduct does not "fall within the broad range of conduct that falls between severe and pervasive on the one hand and a petty slight or trivial inconvenience on the other." *Id.* at 114-15. *See Chin v. New York City Hous. Auth.*, 106 A.D.3d 443, 445 (1st Dep't 2013) (affirming summary judgment on hostile work environment claim; plaintiff had not "demonstrated that she has been treated less well than other employees because of her protected status; or that discrimination was one of the motivating factors for the defendant's conduct"). Further, when Plaintiff called Home Depot's Awareline after the July 1, 2020 incident with the garbage and recycling can lids, Home Depot responded to her concerns by immediately separating Plaintiff and Mr. Gumbs during an investigation which culminated in a decision by Home Depot to discipline Mr. Gumbs and transfer him to a different store (SOF at ¶¶110-128). Plaintiff acknowledges that she never saw Mr. Gumbs again after the July 1, 2020 incident with the garbage can lid (SOF at ¶126).

### C.     Summary Judgment Is Warranted Dismissing Plaintiff's Claim For Punitive Damages

To warrant an award of punitive damages under Title VII, plaintiff must prove that Home Depot acted "with malice or reckless indifference to [plaintiff's] … protected rights." *Antoine v. Brooklyn Maids 26, Inc.*, 489 F.Supp.3d 68, 100 (E.D.N.Y. 2020). Punitive damages are only permitted under the NYSHRL and NYCHRL "if the wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Miller v. East Midwood Hebrew Day School*, 2021 WL 966166 at *7 (E.D.N.Y. 2021); *Chauca v. Abraham*, 885 F.3d 122, 124 (2d Cir. 2018). As the record is devoid of any evidence that Home Depot acted towards Plaintiff with the requisite malice or reckless indifference, Plaintiff's claim for punitive damages necessarily fails.

No punitive damages are warranted on Plaintiff's disability discrimination/termination claims because, as shown above, Home Depot repeatedly granted Plaintiff's request to extend her leave for more than two years, and only terminated her employment (with the option to reapply) when her medical care provider certified that Plaintiff was still not able to work. Plaintiff's allegations of hostile work environment by co-workers are also devoid of any evidence of malice or reckless indifference by Home Depot. To the contrary, in response to Plaintiff's complaints about Mr. Gumbs, Home Depot issued a Final Warning Discipline Notice and transferred Mr. Gumbs out of the Starrett City store. Likewise, Home Depot addressed the concerns about music

Honorable Diane Gujarati
June 22, 2026
Page 5

being played by repeatedly directing the 4 co-workers who played music to turn it off and adopting a policy allowing music only to be played with an ear bud in one ear.

Your Honor's attention to this matter is appreciated.

Respectfully submitted,

*s/Patrick G. Brady*

Patrick G. Brady

PGB/JMO
cc: Nnenna M. Onua, Esq. (via ECF)
Preetpal Grewal, Esq (via ECF)

FIRM:70629790v1

CONFIDENTIAL